IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY ZANDERS, AP-6433, )
    Petitioner, )
     )
    v. ) Civil Action No. 08-1455
     )
COM.. OF PENNSYLVANIA et al., )
    Respondents. )

Report and Recommendation

Recommendation:

It is respectfully recommended that the petition of Anthony Zanders be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 as a repeat petition.

Report:

Anthony Zanders has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Zanders is presently incarcerated at the State Correctional Institution at Somerset serving a life sentence imposed following his conviction, by a jury, of first degree murder at No. 8103953 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on July 30, 1982.[1] Although not set forth in the petition, in a prior habeas corpus action filed in this Court at C.A. 95-1983, the records reflect that on July 6, 1984, the Superior Court affirmed the judgment of sentence and leave to appeal was denied by the Pennsylvania Supreme Court.[2] Zanders then unsuccessfully sought post-

---

[1] See: Petition at ¶¶ 1-6.

[2] Our report and recommendation filed at C.A. 95-1983 is attached hereto as an exhibit.

conviction relief on several occasions and ultimately filed the petition at C.A. 95-1983. That petition was dismissed on March 6, 1996, and his appeal to the United States Court of Appeals for the Third Circuit was dismissed as untimely on March 28, 1997 at Docket No. 96-3725.

Zanders also sought leave from the Pennsylvania Supreme Court to file an original habeas corpus petition in that Court, and leave to file was denied on September 11, 2008.[3]

Zanders now comes before this Court and alleges he is entitled to relief on the grounds that he was charged with criminal homicide without an indictment having been presented by a grand jury.[4]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

---

[3] See: Pennsylvania Supreme Court Docket 36 WM 2008.

[4] See: Petition at ¶ 12.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Anthony Zanders for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a repeat petition

                                             Respectfully submitted,

Dated: November 3, 2008                    s/ Robert C. Mitchell
                                                  United States Magistrate Judge.